COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-350-CV
 
DANIELLE TATE                                                                    
APPELLANT
V.
JOEL BEAL                                                                            
APPELLEE
------------
FROM THE 153
RD DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
Danielle Tate appeals from a summary judgment for Joel Beal based on
the statute of limitations. In a single issue, Tate complains that the summary
judgment is improper because the evidence does not show as a matter of law that
she failed to exercise due diligence in serving Beal with process. We will
reverse and remand.
Tate seeks personal injury damages from Beal arising from his alleged
negligent operation of a boat in which Tate was a passenger on July 4, 1999.
Tate filed suit on July 2, 2001, three days before the two-year statute of
limitations expired.(1) A citation for service
was issued on July 10, 2001, and service was attempted on July 13; however, the
citation was returned unserved on July 19, 2001 because Beal did not reside at
the address listed on the citation. Tate eventually found a new address for Beal
and requested a second citation with Beal's correct address. That citation was
issued on October 5, 2001 and served on October 7, 2001.
Thereafter, Beal moved for summary judgment, asserting that the statute
of limitations barred Tate's claims because Tate had not served him until after
the statutory period had expired and had not exercised due diligence in
effecting service. The trial court granted the motion, and this appeal followed.
In her sole issue, Tate asserts that the mere fact that seventy-eight
days elapsed between her first and second attempts to serve Beal does not
establish, as a matter of law, that she failed to exercise due diligence. Beal
contends that summary judgment is proper because the record shows there is no
explanation for this delay. Beal further contends that the evidence shows Tate
did nothing during this time period except attempt to negotiate a settlement
with the insurance company.
To "bring suit" within the two-year limitations period
prescribed by section 16.003, a plaintiff must not only file suit within the
applicable limitations period, but must also use diligence to have the defendant
served with process. Gant v. DeLeon, 786 S.W.2d 259, 260
(Tex. 1990). Thus, when a plaintiff files suit within the limitations period,
but does not serve the defendant until after the statutory period has expired,
the date of service relates back to the date of filing only if the plaintiff
exercises due diligence in serving the citation. Id.; Broom
v. MacMaster, 992 S.W.2d 659, 664 (Tex. App.--Dallas 1999, no pet.). The
duty to exercise diligence is a continuous one, extending from the date suit is
filed until service is obtained. Hodge v. Smith, 856
S.W.2d 212, 215 (Tex. App.--Houston [1st Dist.] 1993,
writ denied); Eichel v. Ullah, 831 S.W.2d 42, 44 (Tex.
App.--El Paso 1992, no writ).
A defendant is entitled to summary judgment on an affirmative defense
such as limitations only if the defendant conclusively proves all the elements
of the affirmative defense. KPMG Peat Marwick v. Harrison
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 2002); Shah
v. Moss, 67 S.W.3d 836, 842 (Tex. 2001); Henry v. Premier
Healthstaff, 22 S.W.3d 124, 127 (Tex. App.--Fort Worth 2000, no pet.). The
burden of proof is on the defendant-movant, and all doubts about the existence
of a genuine issue of material fact are resolved against him. S.W.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965). Therefore, we must view the evidence and its reasonable inferences
in the light most favorable to the nonmovant. Great Am.,
391 S.W.2d at 47.
To obtain summary judgment on the ground that a suit was not served
within the applicable limitations period, the movant must show, as a matter of
law, that diligence was not used to effectuate service. Gant,
786 S.W.2d at 260; see also Zale Corp. v. Rosenbaum, 520
S.W.2d 889, 891 (Tex. 1975) (holding that, where due diligence is raised,
"the limitation defense is not conclusively established until the movant
meets his burden of negating the applicability of [this] issue[]").
Generally, the exercise of due diligence is a question of fact that is
determined by a two-pronged inquiry: (1) whether the plaintiff acted as an
ordinary prudent person would have acted under the same circumstances; and (2)
whether the plaintiff acted diligently up until the time the defendant was
served. Hodge, 856 S.W.2d at 215; Eichel,
831 S.W.2d at 43-44. If the summary judgment proof conclusively establishes,
however, that the plaintiff failed to use due diligence to obtain service on the
defendant, the defendant-movant is entitled to summary judgment. See
Gant, 786 S.W.2d at 260 (holding summary judgment proper where
uncontroverted summary judgment proof established lack of due diligence).
The summary judgment evidence in this case shows that Beal was served
with process just over three months after suit was filed and the limitations
period had expired. The evidence also shows that Tate made two attempts to serve
Beal within this time period. She first attempted to effect service less than
two weeks after suit was filed. This attempt was unsuccessful because Tate did
not have Beal's correct address. After the citation was returned unserved, Tate
located Beal's correct address, requested issuance of a second citation, and
hired a private process server who successfully served Beal. This evidence does
not conclusively prove that Tate did not act as an ordinarily prudent person
would have acted under the same circumstances, or that she failed to diligently
seek service until Beal was actually served. See Hodge,
856 S.W.2d at 215; Eichel, 831 S.W.2d at 44. The mere fact
that Tate attempted to negotiate a settlement with the insurance company during
this period does not show that she took no action to effect service. Indeed,
Tate obviously spent some of this time obtaining Beal's correct address,
requesting issuance of a second citation, and hiring a private process server.
Viewing all of the evidence and its reasonable inferences in the light
most favorable to Tate, we hold that a fact issue exists concerning whether Tate
exercised due diligence in effecting service on Beal. See S.W.
Elec. Power Co., 73 S.W.3d at 215; Great Am., 391
S.W.2d at 47. Accordingly, Beal did not establish lack of diligence as a matter
of law, and summary judgment is improper.(2)
We sustain Tate's issue, reverse the trial court's summary judgment,
and remand the cause to the trial court for further proceedings. See
Tex. R. App. P. 43.2(d).
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
DELIVERED: August 21, 2003

1. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.003(a) (Vernon 2002) (providing that suit for personal injury
must be brought not later than two years after day cause of action accrues); id.
§ 16.072 (Vernon 1997) (providing that, if last day of limitations period falls
on a holiday, period for filing suit is extended to next business day).
2. Beal also contends
that summary judgment is proper where the defendant shows that he was served
outside the limitations period and the plaintiff fails to file a summary
judgment response explaining the delay. See,
e.g., Holt
v. D'Hanis State Bank, 993 S.W.2d 237, 241 (Tex. App.--San Antonio 1999, no
pet.); Perkins
v. Groff, 936 S.W.2d 661, 668 (Tex. App.--Dallas 1996, writ denied).
We decline to apply such a rule because it
is contrary to the well-established summary
judgment principle that the plaintiff has no burden to respond to a motion for
summary judgment until the defendant has conclusively established his
affirmative defense. Zale Corp.,
520 S.W.2d at 891; see Rhone-Poulenc,
997 S.W.2d at 222-23; Oram
v. Gen. Am. Oil Co., 513 S.W.2d 533,
534 (Tex. 1974), cert. denied, 420
U.S. 964 (1975).