COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-044-CV

 

DENIS PROULX                                                                   APPELLANT

 

                                                   V.

 

MICHAEL A. WELLS                                                               APPELLEE

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction

The sole issue in this
summary judgment case is whether appellant Denis Proulx was diligent in serving
appellee Michael A. Wells.  Because we
determine that appellee proved as a matter of law that appellant was not diligent
in effecting service before the expiration of the statute of limitations, we
affirm. 

II.  Background Facts








In his original petition
filed May 2, 2003, appellant alleged that on May 21, 2001, he was driving his
car in Arlington, Texas when appellee made an unprotected left hand turn and
collided with appellant=s car.  Appellant claimed he suffered injuries to his
head, neck, back, right leg, and his body generally.  Although appellant filed suit before the
statute of limitations expired on May 21, 2003, he did not serve appellee
before that date.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon Supp. 2005). 

On August 22, 2003, the trial
court issued a notice of intent to dismiss the case for want of prosecution,
stating that the case would be dismissed unless, on or before September 30,
2003, (1) appellant served appellee and appellee either filed an answer or
appellant took a default judgment against appellee, or (2) appellant filed a
verified motion to retain.  Appellant
neither served appellee, nor filed a verified motion to retain, so the trial
court dismissed the case for want of prosecution on October 7, 2003.  On October 28, 2003, appellant filed a motion
to reinstate the case claiming that the failure to appear or file a motion was
not intentional, but was the result of a calendaring error by appellant=s attorney.  The trial court
granted the motion on November 18.

Appellant served appellee by
substituted service on appellee=s brother on January 26, 2004. 
Appellee filed an original answer on July 19, 2004 and a motion for
summary judgment on statute of limitations grounds on November 12, 2004.  The trial court granted the motion for summary
judgment on January 6, 2005. 

 








III.  Propriety of Summary Judgment for Appellee

In his sole issue, appellant
claims that a genuine issue of material fact exists as to whether he exercised
due diligence in serving appellee. 
Appellant contends that the evidence and reasonable inferences
demonstrate that he acted as an ordinarily prudent person would have under
similar circumstances.  Additionally,
appellant argues that appellee did not present any summary judgment evidence
that would sufficiently prove, as a matter of law, that appellant was not
diligent in attempting to serve appellee. 
Appellee contends that the trial court properly granted his motion for
summary judgment because there were lengthy periods of time when appellant did
not attempt to serve him.

A.  Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).








When a defendant moves for
summary judgment and shows that service occurred after the limitations period
expired, the burden shifts to the plaintiff to offer an explanation for the
delay.  See James v. Gruma Corp.,
129 S.W.3d 755, 760 (Tex. App.CFort Worth 2004, pet. denied); Tranter v. Duemling, 129
S.W.3d 257, 260 (Tex. App.CEl Paso 2004, no pet.); Carter v. MacFadyen, 93 S.W.3d 307, 313
(Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  This
means only that the plaintiff must point to evidence that raises a fact issue
on diligence.  Tranter, 129 S.W.3d
at 260.  If the plaintiff satisfies this
burden, the burden shifts back to the defendant to show why the explanation is
insufficient as a matter of law.  Id.;
Carter, 93 S.W.3d at 313.

                                            B.  Analysis

A person must Abring suit@ for
personal injuries within two years after the cause of action accrues.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 16.003(a).  To Abring suit@ the
plaintiff must not only file the petition within the two-year period, but must
also use diligence in serving the defendant with process.  Tranter, 129 S.W.3d at 259; Tate v.
Beal, 119 S.W.3d 378, 380 (Tex. App.CFort Worth 2003, pet. denied). 
If the plaintiff files suit within the two-year period, but does not
serve the defendant until after the two-year period has expired, the date of
service relates back to the date the petition was filed if the plaintiff has
exercised diligence in effecting service. 
See Tranter, 129 S.W.3d at 259; Tate, 119 S.W.3d at 380; Tarrant
County v. Vandigriff, 71 S.W.3d 921, 924 (Tex. App._Fort
Worth 2002, pet. denied); Instrument Specialities Co., v. Tex. Employment
Comm=n, 924 S.W.2d 420, 422 (Tex. App.CFort Worth 1996, writ denied).








Generally, the exercise of due diligence is a question of fact that is
determined by a two‑pronged inquiry: 
(1) whether the plaintiff acted as an ordinary prudent person would have
acted under the same circumstances;  and
(2) whether the plaintiff acted diligently up until the time the defendant was
served.  Tate, 119 S.W.3d at
380.  The duty to use due diligence
continues from the date suit is filed until the date the defendant is
served.  Id.; Parsons v. Turley,
109 S.W.3d 804, 808 (Tex. App.CDallas 2003, pet. denied).  In a
case such as this, the question of due diligence is answered by looking at (1)
the time it took to procure citation, service, or both and (2) the type of
effort or lack of effort the plaintiff expended in procuring service.  Webster v. Thomas, 5 S.W.3d 287, 290
(Tex. App.CHouston
[14th Dist.] 1999, no pet.).[1]

Whether a plaintiff was diligent in serving a defendant is normally a
question of fact, but if no excuse is offered for a delay or if the lapse of
time coupled with the plaintiff=s acts conclusively negate diligence, lack of diligence will be found
as a matter of law.  Vandigriff,
71 S.W.3d at 925; Instrument Specialities, 924 S.W.2d at 422.  A fact issue exists if the plaintiff gives a
valid or reasonable explanation for the delay.  James, 129 S.W.3d at 759. 








Here, it took appellant almost nine months from the time the suit was
filed to serve appellee via substituted service.  The length of time it took appellant to
obtain service is sufficient to prove lack of diligence as a matter of law if
appellant=s summary
judgment evidence does not show a reasonable or valid explanation for the
delay.  Texas courts have consistently
held that unexplained delays of five and six months in requesting issuance and
service of citation constitute a lack of due diligence as a matter of law.  Zacharie, 94 S.W.3d at 754; see
also Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App._Corpus
Christi 1991, no writ) (holding as matter of law the plaintiff lacked diligence
after a five and four-fifths month delay). 
In Boyattia v. Hinojosa, the Dallas court of appeals held that
the plaintiff did not exercise due diligence after a three month period of
inaction by the plaintiff.  18 S.W.3d
729, 733 (Tex. App.CDallas 2000,
pet. denied) (noting that clerk=s office had mistakenly misdirected service and plaintiff did nothing
to rectify error).  Thus, the issue we
must resolve is whether appellant=s summary judgment evidence raises a fact issue as to whether he acted
with reasonable diligence.  See
Webster, 5 S.W.3d at 290.

C.  Application to Facts








Appellant presented four
affidavits as summary judgment evidence: 
two from process servers who attempted to serve appellant, one from an
in-house investigator for the law firm representing appellant, and one from a
private investigator hired by the law firm. 
The first affidavit shows that on May 20, 2003, Brian Duffe, a process
server, received the citation.  He  attempted to serve appellee at 701 Riverside
Drive in Arlington on May 21 and 24; on June 2, 7, 10, 19, and 27; and on July
2, 8, 16 and 22.  On July 31, Duffe informed
appellant=s attorney
that he did not believe appellee lived at that address. 

The second affidavit shows
that on July 31, appellant=s attorney utilized Gene Curry, the in-house investigator for the law
firm representing appellant, to obtain additional addresses where appellant
might be located.  Curry located three
additional possible addresses for appellee. 

Duffe=s affidavit further shows that on August 4, 2003, Duffe received a
facsimile from Curry that listed three new possible addresses for
appellee.  On August 5, 7, and 9, Duffe
attempted to serve appellee at 2508 Ruger Drive in Arlington.  On August 9, the current resident at that address
told Duffe that appellee did not live there. 
On August 8, 16, and 20, Duffe attempted service at 825 Muirfield Drive
in Mansfield and was again told by the current resident that appellee did not
live there. 

On August 13, 16, and 27 and
September 6 and 13, Duffe attempted to serve appellee at 4268 Chaha Road in
Garland, but he did not receive an answer when he knocked on the door.  However on September 17, a Mrs. Carroll
answered the door and stated, AMichael Wells is not [a]t this address.@  On September 24, Duffe told
appellant=s attorney
that he was unable to serve appellee at the three new addresses provided by the
investigator.








The third affidavit, dated
January 15, 2004, showed that citation was then delivered to Cynthia Rosser, a
process server, on October 17, and service attempts continued until December
5.  Rosser attempted to serve appellee
three times at the Riverside Drive address and four times at the Chaha Road
address.  Between December 5 and December
10, 2003, she made over twenty calls to Mark Wells, appellee=s brother, at the Mansfield address. 
Rosser averred that she confirmed that appellee=s brother, Mark Wells, resided at 825 Muirfield Drive in Mansfield,
that appellee listed this address on his Texas driver=s license, that she believes the two were in contact with each other,
and that in her belief the most efficient way to effect service would be by
delivering substitute service at 825 Muirfield Drive.








The final affidavit shows
that appellant also used Arthur B. Cantrell, a private investigator, to locate
appellee.  In his January 14, 2004
affidavit, Cantrell stated that appellee had public utilities as late as
December 2003 at the Chaha Road address and that a David Wells was currently
living there.  Appellee=s driver=s license
listed 825 Muirfield Drive as his residence, and this home was Aregistered@ to Mark and
Carla Wells.  Cantrell averred that the
most current address for appellee was care of Julie A. Wells, 2126 Fleur de Lis
Court, Arlington, Texas.  Cantrell stated
that A[appellee] appears to be moving from relative to relative and doing
his best to avoid service from the courts and creditors.@  He concluded that the Fleur de
Lis address was the best address for service but that substituted service at
either the Fleur de Lis address or the Muirfield address would be the best
solution for proper service.

The record shows that
appellant did not file a motion for substituted service until January 15,
2004.  He served appellee on January 26,
2004, over eight months after filing suit. 









Appellee contends that he is entitled to summary judgment because
appellant did not explain two periods of delay: 
(1) from May 2, when appellant filed his original petition, to May 20,
when Duffe received the citation (nineteen days); and (2) from September 18,
when Duffe last attempted service, to October 20, when Rosser made her first
attempt to serve appellee (thirty-three days). 
      Appellant claims in his brief
that he requested and paid for the citation on May 2 when he first filed suit.  In his summary judgment response, he stated, ACitation was received from the District Clerk and forwarded to . . .
Duffe . . . .@  Duffe averred in his affidavit that he
received the citation on May 20, 2003. 
There is no evidence in the summary judgment record as to when appellant
requested and received the citation. 
Thus, we do not know whether this delay resulted from appellant=s inaction or the time it took for the court to issue the citation.[2]  It is the responsibility of the party
requesting service to see that it is properly accomplished.  See Tex.
R. Civ. P. 99a; Primate Constr., Inc. v. Silver, 884 S.W.2d 151,
153 (Tex. 1994); Carter, 93 S.W.3d at 313.

Duffe averred that he last attempted service on September 17, but he
did not notify appellant of his inability to effectuate service until September
24.  There is no evidence in the record
explaining appellant=s efforts as
to service in the twenty-four days between September 24 and October 17, the day
Rosser received the citation.  It was
during this period that the trial court, after notice to appellant, dismissed
the case for want of prosecution. 
Although the trial court reinstated the case on November 18, 2004,
appellant did not request substituted service until almost two months later.[3]








In Cantrell=s affidavit,
the private investigator averred that Athe initial search for a proper service location for [appellee] was
initiated after serveral [sic] failed attempts by the process server at . . .
4268 Chaha Road, Apt 303, Garland, Texas,@ but he did not say on what specific date appellant hired him.  Thus, appellant=s summary judgment evidence shows that the private investigator did
not begin to search for appellee until sometime after Duffe=s failed September attempts to serve appellee,[4]
almost five months after appellant filed suit and after Duffe had attempted to
serve appellee over twenty times. 
Appellant provided no explanation for the lengthy delay in hiring a
private investigator to investigate appellee=s whereabouts.  See Schwehr
v. Martens, No. 01-00-00217-CV, 2000 WL 1831539, at *2-3 (Tex. App.CHouston [1st Dist.] Dec. 14, 2000, no pet.) (not designated for
publication) (holding that evidence of obstacles to effecting service,
including defendant=s moving
without notification, was not evidence showing plaintiff=s diligence in attempting service and that plaintiff=s attorney=s knowledge
of such difficulties made unexplained delay in hiring private investigator Amore egregious@).








The record shows that appellant filed his suit less than a month
before limitations expired; that he made no attempt to serve appellee until
after limitations had expired; that his suit was dismissed once for want of
prosecution and he did not file a motion to reinstate it until three weeks
later; that despite knowledge of numerous failed attempts to serve appellee,
appellant did not hire a private investigator to determine appellee=s whereabouts, including the facts necessary to effect substituted
service, until almost five months after he filed suit; and that appellant was
not able to serve appellee for almost nine months.  Additionally, appellant failed to explain why
it took almost three weeks for citation to be delivered to the first process
server and twenty-four days for citation to be delivered to the second process
server.  Although the process servers
hired by appellant made numerous attempts to serve appellee, appellant did not
explain all periods of delay in effecting service on appellee, and the
circumstances show that appellant was not diligent in prosecuting the case and
in procuring substituted service.

We hold that the summary judgment evidence shows that appellant failed
to raise a fact issue on his due diligence excuse by providing a valid or
reasonable explanation for his delay in effecting service; therefore, appellee
proved as a matter of law that appellant did not use due diligence in serving
him, and appellant=s suit is
barred by limitations.  We overrule
appellant=s sole
issue. 

 

 








IV.  Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.    

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON,
GARDNER, and WALKER, JJ.

 

WALKER, J. filed a dissenting
opinion

 

DELIVERED: February 9, 2006











 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-044-CV

 

DENIS PROULX                                                                   APPELLANT

 

                                                   V.

 

MICHAEL A. WELLS                                                               APPELLEE

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------








I respectfully dissent.  I agree with the majority=s statement of the facts and with its recitation of the controlling
case law.  I cannot agree, however, that
viewing the summary judgment evidence in the light most favorable to the
nonmovant, Appellant Denis Proulx, it fails to raise a genuine issue of
material fact regarding whether Appellant acted as an ordinary prudent person
would have acted under the same circumstances and whether Appellant acted
diligently up until the time Appellee Michael A. Wells was served.  Consequently, I would sustain Appellant=s sole issue and reverse the trial court=s summary judgment.








The law is well settled that
when a movant seeks summary judgment on the ground that the suit was not served
upon him within the applicable limitations period and the nonmovant raises the
issue of due diligence, then to obtain summary judgment the movant must
conclusively establish that diligence was not used to effectuate service.  S.W. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
891 (Tex. 1975);  Tate v. Beal,
119 S.W.3d 378, 381 (Tex. App.CFort Worth 2003, pet. denied). 
A matter is conclusively established if reasonable minds cannot differ
as to the conclusion to be drawn from the summary judgment proof.  See, e.g., Triton Oil & Gas
Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex.
1982).  In other words, if the summary
judgment evidence concerning due diligenceCincluding the nonmovant=s controverting summary judgment evidenceCviewed in the light most favorable to the nonmovant, raises a genuine
issue of material fact concerning the nonmovant=s diligence in obtaining service, then summary judgment is
improper.  Tate, 119 S.W.3d at 381
(holding that A[v]iewing
all of the evidence and its reasonable inferences in the light most favorable
to Tate [the nonmovant], we hold that a fact issue exists concerning whether
Tate exercised due diligence in effecting service on Beal@).  Generally a plaintiff=s diligence in effectuating service is a question of fact that is
determined by a two-pronged inquiry: (1) whether the plaintiff acted as an
ordinary prudent person would have acted under the same circumstances, and (2)
whether the plaintiff acted diligently up until the time the defendant was
served.  Id. (citing Hodge v.
Smith, 856 S.W.2d 212, 215 (Tex. App.CHouston [1st Dist.] 1993, writ denied)).  








Here, Appellant=s summary judgment evidence included affidavits from two process
servers, one in-house investigator, and one private investigator.  Viewed in the light most favorable to
Appellant, these affidavits raise a fact issue concerning whether Appellant
acted with reasonable diligence in effecting service on Appellee.[1]  The
summary judgment affidavits filed by Appellant establish that during the nine
months between when suit was filed and when Appellant finally successfully obtained
substituted service on Appellee=s brother, Appellant utilized two process servers who attempted
service on Appellee twenty-three times at five different addresses and utilized
two different investigators in an effort to locate Appellee.  The private investigator stated in his
affidavit that Appellee Aappears to
be moving from relative to relative and doing his best to avoid service from
the courts and creditors.@ 








Viewing this evidence and its
reasonable inferences in the light most favorable to Appellant and resolving
all doubts about the existence of a genuine issue of material fact against
Appellee, the sheer volume of Appellant=s repeated and consistent service attempts, combined with his use of
two investigators and supported by the private investigator=s sworn conclusion that Appellee was intentionally avoiding service,
at least raise a fact issue regarding Appellant=s due diligence in serving process on Appellee.  See, e.g., id. (holding that
appellant, who served appellee three months after suit was filed and after the
limitations period, used due diligence even though there was an eleven-day
delay in first attempting service and a near three-month delay between the
first failed attempt at service and the date of actual service); Tranter v.
Duemling, 129 S.W.3d 257, 261-63 (Tex. App.CEl Paso 2004, no pet.) (holding that appellant, who served appellee
three months after suit was filed and after the limitations period, used due
diligence); Martinez v. Becerra, 797 S.W.2d 283, 285 (Tex. App.CCorpus Christi 1990, no writ) (noting that defendant=s efforts to conceal his identity Aweigh heavily in favor of finding due diligence@); see also Forrest v. Houck, No. 14-03-00583-CV, 2004 WL
2163057, at *7 (Tex. App.CHouston
[14th Dist.] Sept. 28, 2004, no pet.) (mem. op.) (recognizing defendant=s use of address other than his residence for driver=s license was major cause of delay in serving defendant and
constituted explanation for delay in service requiring reversal of summary
judgment for defendant).  








The majority points to the
following facts in holding that appellant failed to raise a fact issue on
diligence:  the nineteen-day delay
between the date of filing suit and the date that the process server received
citation, Appellant=s nearly
five-month delay in hiring a private investigator to locate Appellee (prior to
that time Appellant explained that he had been using an in-house investigator),
a twenty-four day delay in delivering citation to the second process server,
and the total nine-month delay between when suit was filed and when substituted
service on Appellee was finally obtained. 
The short purported gaps in Appellant=s nine-months= worth of
repeated and continuous service efforts, however, do not conclusively establish
a lack of diligence in effectuating service, especially in light of the summary
judgment evidence that Appellee was actively dodging service.  Compare Gant v. DeLeon, 786 S.W.2d
259, 260 (Tex. 1990) (holding that plaintiffs' unexplained delay of three periods
totaling thirty-eight months in obtaining service on defendant was lack of due
diligence); Webster v. Thomas, 5 S.W.3d 287, 291 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding four‑month delay
between obtaining citation and having it served on the defendant was a lack of
due diligence when the plaintiff=s actions during this time Awere not designed to procure the issuance of citation and service@); Butler v. Ross, 836 S.W.2d 833, 835‑36 (Tex. App.CHouston [1st Dist.] 1992, no writ) (five and one‑half months of
inactivity between failure of service on wrong address and service at new
address was a lack of due diligence); Hansler v. Mainka, 807 S.W.2d 3, 5
(Tex. App.CCorpus
Christi 1991, no writ) (no request for service of process for five months after
suit filed was a lack of due diligence); 
Allen v. Bentley Labs., Inc., 538 S.W.2d 857, 860 (Tex. Civ. App.CSan Antonio 1976, writ ref'd n.r.e.) (unexplained six-month delay
between filing suit and obtaining service was a lack of due diligence); Williams
v. Houston‑Citizens Bank & Trust Co., 531 S.W.2d 434, 435-36
(Tex. Civ. App.CHouston
[14th Dist.] 1975, writ ref'd n.r.e.) (unexplained almost eight-month delay
between expiration of first citation and issuance of second citation was a lack
of due diligence).  The majority cites no
cases that hold otherwise.  In fact,
until today, no case existed holding that twenty-three attempts to serve a
defendant at five different addresses over nine monthsCall made while the defendant was actively dodging serviceCconstitutes a lack of diligence as a matter of law.

 

 








Because reasonable minds can
differ as to whether Appellant exercised due diligence in effectuating service
upon Appellee, I would sustain Appellant=s first issue and reverse the trial court=s summary judgment for Appellee.

 

 

 

SUE WALKER

JUSTICE

 

DELIVERED: February 9, 2006

 

 











[1]The
San Antonio court of appeals has held that the length of delay is not the
critical factor, but whether diligence was used to effectuate service.  Zacharie v. U.S. Natural Res., Inc.,
94 S.W.3d 748, 754 (Tex. App.CSan Antonio 2002, no pet.); Keeton
v. Carrasco, 53 S.W.3d 13, 18 (Tex. App.CSan Antonio 2001, pet.
denied).





[2]Cf.
Boyattia, 18 S.W.3d at 734 (holding when defendant was
served two weeks after suit filed and citation remained with court clerk during
all but one day of that two-week period, that delay in effecting service not
unreasonable).





[3]We
also believe it to be significant that once appellant served appellee by
substituted service, he took no further action during the almost six-month
period before appellee filed his answer.





[4]Because
Rosser attempted to serve appellee at the Chaha Road address during November
2003, Cantrell could have been hired much later, at the end of November or in
early December 2003.  Because we must
resolve any doubts about the evidence in appellant=s
favor, we will assume that appellant hired Cantrell after Duffe=s
failed attempts to serve appellee at the Chaha Road address.  See Valence Operating Co., 164 S.W.3d
at 661.





[1]I agree with the
majority that Athe
issue we must resolve is whether appellant=s summary judgment evidence
raises a fact issue as to whether he acted with reasonable diligence.@