# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00511-CV

**Kathy S. Franklin, as Surviving Parent of T. S. T., Appellant**

**v.**

**Sydnee Nicole Bullock, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. 05-2212, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kathy S. Franklin appeals a final summary judgment that she take nothing on her claims of negligence against Sydnee Nicole Bullock under the wrongful death and survival statutes. Bullock's summary-judgment motion asserted the ground that Franklin's claims were barred by limitations because Franklin, although filing suit within the applicable limitations period, failed to serve Bullock within that period or exercise diligence in effecting service. In three issues on appeal, Franklin contends that Bullock's own summary-judgment evidence presented a fact issue regarding her diligence in obtaining service, that the district court abused its discretion in excluding Franklin's summary-judgment proof, and that due process or "the interests of justice" requires that Franklin be permitted to introduce additional evidence because the district court's application of her summary-judgment burden amounted to a new legal rule. Because we agree that Bullock's summary-judgment evidence presented a fact issue regarding Franklin's diligence in obtaining

service, we conclude that the district court erred in granting summary judgment, and need not reach Franklin's other contentions.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2008). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

In this case, Franklin alleged in her petition that Bullock, while driving, hit and killed Franklin's minor son, T.S.T., while he was walking on the shoulder of Ranch Road 12. Franklin pled that the incident occurred "[o]n or about the evening of January 2, 2004." There is no dispute that Franklin was required to bring her suit within two years of that date, January 2, 2006. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2007). It is also undisputed that Franklin filed her suit on December 30, 2005—three days before limitations ran—and did not effect service on Bullock until April 8, 2006—ninety-six days after the end of the limitations period.

2

As Franklin acknowledges, her timely filed suit would be barred by limitations unless she exercised diligence in effecting service, in which case the date of service would relate back to the date of filing. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)).

Once a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff "to explain the delay." *Proulx*, 235 S.W.3d at 216 (quoting *Murray*, 800 S.W.2d at 830). When the burden has been shifted in this manner, "it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.* "Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* The "relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* However, the plaintiff may fail to raise a fact issue if the evidence demonstrates a lack of diligence as a matter of law, "as when one or more lapses between service are unexplained or patently unreasonable." *Id.*; *see also Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) (plaintiff's failure to file response to summary judgment constituted failure to explain delay, and "[a]n unexplained delay constitutes a lack of due diligence as a matter of law"). Also, the plaintiff's explanation may be "legally improper to raise the diligence issue." *Proulx*, 235 S.W.3d

3

at 216 (citing cases involving oral agreements to delay service and plaintiff's desire to obtain remand from federal court). But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id.*

Bullock filed her motion for summary judgment on April 12, 2006, and a hearing was set for May 9. She attached evidence that included a file-stamped copy of Franklin's December 30, 2005, original petition and the signed officer's return, dated April 8, 2006.[1] Franklin does not dispute that Bullock met her burden of pleading limitations and showing that service had been effected after limitations expired. *See id.* Consequently, the burden shifted to Franklin "to explain the delay." *Id.*

Franklin filed a response to Bullock's motion in which she relied largely on Bullock's own summary-judgment evidence.[2] In addition to Franklin's petition and the officer's signed return,

---

[1] These documents are also contained in the clerk's record.

[2] Franklin's response to Bullock's summary-judgment motion relied on Bullock's evidence, as well as an affidavit from her counsel that the district court later excluded. Bullock does not contend that Franklin failed to serve her response by the seven-day deadline of May 2; in fact, Bullock prepared and served a reply to Franklin's response on May 3. The district court's judgment also reflects that it considered, among other filings, "Plaintiff's Response to Defendant's Motion for Summary Judgment." On appeal, however, Bullock emphasizes that the sole copy of Franklin's response in the clerk's record bears a file stamp of October 7, 2007, which was long after the summary-judgment deadlines and corresponds to the time when Franklin was arranging for the clerk's record to be prepared for appeal. Franklin acknowledges that, for some reason, no copy of her summary-judgment response had previously appeared in the clerk's record. However, because the record reflects that Franklin's response was considered, our inquiry ends there. *See Neimes v. Kien Chung Ta*, 985 S.W.2d 132, 138-39 (Tex. App.—San Antonio 1998, no pet.). In any event, even if Franklin is deemed not to have timely filed her summary-judgment response, it is ultimately irrelevant because, as we explain below, Bullock's own summary-judgment evidence demonstrates that she is not entitled to summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (summary judgments must stand or fall on their own merits and,

4

Bullock's summary-judgment evidence included an affidavit of attempted process service by E. W. Fletcher, the private process server who had assisted Franklin and her counsel; the cover letter from Franklin's counsel transmitting her petition to the Hays County District Clerk; a motion for substituted service signed by Franklin's counsel; an order of the district court authorizing substituted service; and Fletcher's signed and notarized verification of service of process. Drawing reasonable inferences in Franklin's favor, *see Valence Operating Co.*, 164 S.W.3d at 661, this evidence reflects the following sequence of events:

| | |
|---|---|
| December 30, 2005 (Fri.) | Franklin files her original petition. The transmittal letter from Franklin's counsel's law office in Fort Worth requested the Hays County District Clerk to "issue the citation and return it to my officer in the enclosed envelope" as "our office will serve the[] petition." On the same day, the district clerk issues citation. |
| By January 25, 2006 | The district clerk returns the citation and petition to Franklin's counsel in Fort Worth via "the enclosed envelope" referenced in the cover letter. Private process server E.W. Fletcher, whose business address is in Kyle, Hays County, is contacted and the citation and petition are sent to him.[3] |

even if no response is filed, whether the motion establishes the movant's entitlement to judgment as a matter of law can be challenged on appeal); *Webb v. Robins*, No. 03-07-00686-CV, 2008 Tex. App. LEXIS 5342, at *6-8 (Tex. App.—Austin 2008, no pet. h.) (mem. op.) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Perry v. Houston Indep. Sch. Dist.*, 902 S.W.2d 544, 547-48 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.)).

[3] *See Tate v. Beal*, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied) (drawing inferences that out-of-town attorney's office had contacted process server and sent citation to him from evidence that process server received the citation).

| | |
|---|---|
| January 25, 2006 (Wed.) | Fletcher receives the citation and petition at 1:30 p.m. He is requested to personally serve Bullock at 307 Mesa Drive in Wimberley, Hays County. |
| Jan. 28 (Sat.) | At 12:05 p.m., Fletcher makes first attempt to serve Bullock at 307 Mesa. Fletcher knocked on the door, but no one answered. |
| Jan. 31 (Tues.) | At 1:35 p.m., Fletcher makes second attempt, and "again found no one at home." |
| Feb. 2 (Thurs.) | At 4:30 p.m., Fletcher makes third attempt "also with no contact." |
| Feb. 7 (Tues.) | At 2:10 p.m., Fletcher makes fourth attempt at 307 Mesa. |
| Before Feb.18 | Upon his fourth unsuccessful attempt at 307 Mesa, Fletcher, "[s]till finding no one at the residence and noticing that the gravel driveway did not seem to get much use, . . . contacted the real estate company whose sign was standing at the curb in front of the home." Fletcher "was then informed that the residence was not occupied at this time." |
| | Fletcher "next submitted a Forwarding Address Request from the Wimberley Post Office and found they had no forwarding address on file for Sydnee Bullock." |
| | From here, "[u]pon presenting this information to the party requesting my help in serving this document, [Fletcher] was given a new address in the Lakeway area west of Austin,"[4] that Franklin's office had researched and ascertained.[5] |

_____

[4] Fletcher stated the address in his affidavit.

[5] *See Tate*, 119 S.W.3d at 381 (inferring that attorney had researched and ascertained alternate address from evidence that attorney gave address to process server).

| | |
|---|---|
| Feb. 18 (Sat.) | Fletcher makes first attempt to serve Bullock at the Lakeway address. He "found the home obviously lived in, but no one home." |
| Feb. 24 (Fri.) | Fletcher makes his second attempt at the Lakeway address. He "met a couple, who, upon my request to speak with Sydnee, identified themselves as Sydnee Bullock's parents." The parents "state[d] that this residence is Sydnee Bullock's permanent residence, but advised that during the school year Sydnee is attending class in another part of Texas." Fletcher "was not given a location to contact Sydnee Bullock directly by the parents," although the parents indicated "that they knew of the incident prompting the suit and would be willing to accept service of the documents on their daughter's behalf." Fletcher explained that he "would need to obtain authority to complete service in that manner." |
| By Mar. 14 (Tues.) | Franklin's Fort Worth-based counsel prepares and files in Hays County district court a motion for substituted service with Fletcher's affidavit of attempted process service attached. The motion stated that service had been unsuccessfully attempted on Bullock at both the Wimberley and Lakeway addresses and requested an order authorizing service by leaving a copy of the citation and petition with anyone over sixteen years of age at the Lakeway address or by securing the documents to the residence's front door. |
| | Franklin's affidavit was signed before a notary on Tuesday, February 28. |
| | The signature page of Franklin's motion bears a facsimile time-stamp of "Mar. 06 06 08:34 a." However, the motion bears a file stamp of March 14. |
| Mar. 17 (Fri.) | The district court signs Franklin's motion for substituted service. As Franklin had requested, the court orders that "service on Defendant should be made by leaving a copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age or by securing to the front door" at the Lakeway address. |

7

| Apr. 8 (Sat.) | At 2:45 p.m., pursuant to the district court's order, Fletcher effected service by attaching the citation and petition to the front entrance door at the Lakeway address. |
| --- | --- |
| Apr. 10 (Mon.) | Fletcher signs a verification of service of process before a notary. The citation and return, signed by Fletcher, is filed. |

Franklin also attached to her summary-judgment response an affidavit from her counsel, William Manning, who testified regarding service on Bullock. On May 7, two days before the summary-judgment hearing, Bullock filed a reply to Franklin's summary-judgment response in which she raised numerous objections to Manning's affidavit. The clerk's record reflects that the summary-judgment hearing took place on May 9, and that the district court took the matter under advisement. On May 11, Franklin filed a response to Bullock's reply, to which she attached additional evidence not previously presented. On the same day, Bullock filed objections to Franklin's additional evidence, as well as a "final brief" urging that Franklin had failed to offer a valid excuse for "gaps" between December 30, 2005, and January 25, 2006; February 7 to 18; February 24 to March 14; and March 17 to April 8. On May 30, the district court signed an order sustaining Bullock's objections to Franklin's evidence, granting Bullock's summary-judgment motion, and rendering judgment that Franklin take nothing on her claims.

We agree with Franklin that Bullock's summary-judgment evidence raised a fact issue as to the diligence of Franklin's service efforts. This evidence shifted the burden back to Bullock to conclusively negate diligence and, in the face of the evidence, we conclude that Bullock failed to meet that burden. Franklin's efforts to obtain service on Bullock, and any supposed "gaps" amid such

8

activity, were comparable to those in *Proulx*, in which the supreme court held that the evidence presented a fact issue regarding the plaintiff's diligence in obtaining service. *See* 235 S.W.3d at 216-17 (noting unexplained nineteen-day gap between filing of petition and process server's receipt of citation and twenty-four-day gap between order authorizing substituted service and service); *see also Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 700-01 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting two-week gap between service attempts); *Tate v. Beal*, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied) (finding fact issue on diligence despite three-month delay in service where plaintiff "spent some of this time obtaining [defendant's] correct address, requesting issuance of a second citation, and hiring a private process server"); *Taylor v. Rellas*, 69 S.W.3d 621, 623 (Tex. App.—Eastland 2002, no pet.) (finding fact issue on diligence despite delays of fifteen and twenty days between attempts).

Because Bullock failed to conclusively establish lack of diligence, the district court erred in granting summary judgment. We reverse the district court's judgment and remand for further proceedings.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Reversed and Remanded

Filed:  August 14, 2008

9