**Opinion issued May 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00747-CV

_____

### JAMES FONTENOT AND JAN FONTENOT, APPELLANTS

### V.

### JEFFERY GIBSON, APPELLEE

On Appeal from County Civil Court at Law Number Three
Harris County, Texas
Trial Court Cause No. 998611

## MEMORANDUM OPINION

Jan Fontenot appeals the trial court's summary judgment in favor of Jeffery

Gibson on limitations grounds, ruling that, as a matter of law, Fontenot had failed

to exercise reasonable diligence in obtaining service of process on Gibson after the

applicable limitations period had expired. On appeal, Fontenot contends that the

trial court erred in granting summary judgment, because she raised a fact issue on

the question of diligence of service. We agree and therefore reverse and remand for further proceedings.

James Fontenot also appealed the trial court's judgment, but he has moved to dismiss his appeal. The motion is granted, and we dismiss James Fontenot's appeal. *See* TEX. R. APP. P. 42.1(a)(1).

## Background

On August 14, 2009, Fontenot and Gibson were involved in a car accident. Fontenot sued Gibson and requested that the clerk of the court issue a citation on August 12, 2011, two days before the two-year statute of limitations expired.[1] The clerk of the court issued the citation on August 25. Fontenot forwarded the citation to a private process server on September 14, directing him to serve Gibson at the address listed for him with the Texas Department of Transportation. The process server attempted service on September 21, but he failed and returned the citation, noting that, according to the current resident, Gibson had not lived at the specified address in several years.

Fontenot began a search for Gibson's current address. She requested a forwarding address from the postal service, and received notice on November 1 that it had no forwarding address on file. Her attorney searched various websites, both paid and free. On November 18, the attorney located an address for the

---

[1] *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 16.003(a) (West Supp. 2009) (establishing two-year statute of limitations for personal injury actions).

defendant on the paid website, www.publicdata.com. Fontenot amended her petition and requested a new citation that day. The clerk issued the citation on December 14. On January 9, 2012, Fontenot forwarded the citation to the process server, who attempted service multiple times starting on February 2, and eventually successfully served Gibson on February 14.

Gibson appeared and moved for summary judgment, arguing that Fontenot had failed to exercise diligence in serving him after the limitations period had run. In support of the motion, Gibson averred that he had resided at the address at which he was finally served for more than three years and had never avoided service of process.

## Discussion

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When a defendant moves for summary judgment, he must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's

cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). We review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

*Diligence in Service*

A plaintiff raising a personal injury claim must "bring suit" within two years after the day that the cause of action accrues. TEX. CIV. PRAC. & REM. CODE. ANN. § 16.003(a). To "bring suit" a plaintiff not only must file suit within the limitations period, but also must exercise diligence in serving the defendant with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam); *see also Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (service on defendant outside limitations period valid only if plaintiff exercised diligence in serving defendant with process); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) ("A timely filed suit will not interrupt the running of limitations unless the plaintiff exercises diligence in the issuance and service of citation."). If a defendant affirmatively pleads a limitations defense and demonstrates that service has occurred after the limitations deadline, the burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. To show diligence, a plaintiff must show that he made reasonable efforts to serve the

4

defendant, and he must explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216. The question of the plaintiff's diligence is usually one of fact to be "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id*. But, if "one or more lapses between service efforts are unexplained or patently unreasonable," then the record demonstrates lack of diligence as a matter of law. *Id.* In *Proulx*, the Texas Supreme Court held that three-week delays between issuance of a citation and the process server's receipt of citation, two attempts at service at different addresses, and a three-week delay between the order permitting substituted service on the defendant's brother and the first attempt at service on the brother did not conclusively show lack of diligence. *Id.* at 216–17.

Fontenot did not serve Gibson with citation until February 14, 2012—about six months after the statute of limitations had run. Fontenot thus has the burden to show diligence and explain her delay in serving Gibson. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216.

Most of this six-months period is made up of various short delays—including a two-week delay between the request for the first citation and the court issuing the citation, followed by a two-week delay in delivering it to a process server; a three-week delay between the court clerk issuing a second citation and Fontenot sending the citation to a process server; and a three-week delay between

5

the process server's receipt of the citation and the process server's first attempt at service. Like the various two- and three-week delays in *Proulx*, the delays in this case do not conclusively demonstrate that Fontenot lacked diligence in her efforts to serve Gibson. *See Proulx*, 235 S.W.3d at 216–17. Such delays are not so "unexplained or patently unreasonable" that they show lack of diligence as a matter of law. *See id.* at 16.

The longest period of delay was a less than two-month period, during which Fontenot searched for Gibson's most recent address, after she learned that the first citation listed the wrong address. To explain this delay, Fontenot's attorney averred that he had requested that the process server investigate Gibson's whereabouts, requested a forwarding address from the postal service, and searched various websites for Gibson's address. Fontenot's search efforts raise a fact issue about diligence. *See Tate v. Beal*, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied) (holding facts raised issue on diligence when first citation was returned unserved and plaintiff searched for two and one-half months before discovering defendant's address and requesting service again).

Gibson responds that Fontenot's explanations are too vague to raise a fact issue about diligence. The cases on which Gibson relies, however, are distinguishable. In *Richard v. Turner*, statements that the attorney searched on the internet several times during an eleven-month period were held not to be a valid

explanation, but eleven months is significantly longer than the delay here. No. 13-08-00015-CV, 2009 WL 2712393, at *2 (Tex. App.—Corpus Christi Aug. 31, 2009, pet. denied) (mem. op.). The plaintiff in *Richard* knew the defendant's address for more than two months before requesting service. *Id.* Similarly, in *Hull v. Vidaurri*, the attorney's testimony that she called several people to find the defendant during a six-month period but made the calls in the first two months, left a four-month unexplained gap in efforts. *Hull v. Vidaurri*, No. 03–08–00204–CV, 2010 WL 199651, at *5–*6 (Tex. App.—Austin Jan. 22, 2010, no pet.) (mem. op.). In contrast, the search in this case was less than two months. And in addition to his own efforts on the internet, Fontenot's attorney requested that a process server investigate Gibson's address. The attorney requested service at Gibson's current address as soon as the address was discovered. The search in this case is more like the two-and-a-half month search in *Tate* that raised a fact issue about diligence. *See Tate*, 119 S.W.3d at 381.

**Conclusion**

Viewing the evidence in the light most favorable to Fontenot, we conclude that the summary judgment evidence raises a fact issue as to reasonable diligence in procuring service. We therefore reverse the judgment of the trial court as to Jan Fontenot and remand the case to the trial court for further proceedings. We dismiss the appeal as to James Fontenot.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.