COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-194-CV

 

 

PAMELA STOTTS                                                                APPELLANT

 

                                                   V.

 

BILLY JO FERRELL                                                                  APPELLEE

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Pamela Stotts
appeals the trial court=s granting
of summary judgment in favor of Appellee Billy Jo Ferrell based upon her
failure to use due diligence in obtaining service of citation on Appellee.  In a single issue, Appellant asserts that the
trial court incorrectly ruled that, as a matter of law, she failed to use due
diligence to obtain service of citation upon Appellee.  We affirm. 

FACTUAL BACKGROUND

On September 27, 2002,
Appellant filed her original petition, alleging that on September 29, 2000, she
was injured on Appellee=s
premises.  Appellant requested service of
process at Appellee=s
residence.  Appellant=s counsel picked up the original citation from the clerk=s office himself.  Appellant=s counsel could not recall whether he had hired the process server
that he generally used at that time, Natalie Wickman, or some other process
server to serve the citation on Appellee. 
Appellant=s attorney
was unable to locate any records that would establish the name of the process
server who attempted to serve the first citation to Appellee.








Appellee was hospitalized as
a result of an unrelated automobile accident beginning on September 7,
2002.  Appellant had known Appellee for
approximately twenty years, and within a day or two of Appellee=s car accident, she learned that Appellee had been hospitalized as a
result of the accident.  Appellant
visited Appellee several times while he was hospitalized.  On or about November 20, 2002, Appellant informed
her counsel that Appellee was a patient in the Dallas V. A. Hospital.  After learning that Appellee was in the
hospital, Appellant=s counsel
wrote a letter to Farmer=s Insurance,
Appellee=s insurer, requesting that it Aadvise if [it] will file an answer on [Appellee=s] behalf without my obtaining of personal service.@  In his deposition, Appellant=s counsel testified that he waited for approximately two to three
weeks for a response from Farmer=s Insurance regarding whether it would accept service on behalf of
Appellee, and that he did not do anything to effect service while he was
waiting.  He also testified that in
either December or January, he asked his legal assistant to contact the
unidentified process server and tell him or her to serve Appellee with the
original citation at the Dallas V. A. Hospital. 
The original petition was never served on Appellee at the Dallas V. A.
Hospital.  Instead, on February 5, 2003,
Appellant=s counsel
requested a second citation with Ferrell=s address listed at the Dallas V. A. Hospital.  Then, on February 11, 2003, a process server
served Appellee with the citation.

DISCUSSION

When a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the
trial court=s judgment
under the standards of rule 166a(i).  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the appellant failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether the appellee=s summary
judgment proof satisfied the less stringent rule 166a(c) burden.  Id.








After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the
light most favorable to the party against whom the no evidence summary judgment
was rendered.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S.
1030 (2004); Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied). 








In a traditional summary
judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co., 73 S.W.3d at 215, City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979).  The burden of proof is on the
movant, and all doubts about the existence of a genuine issue of material fact
are resolved against the movant.  Sw.
Elec. Power Co., 73 S.W.3d at 215.

When a defendant moves for
summary judgment and shows that service occurred after the limitations period
expired, the burden shifts to the plaintiff to offer an explanation for the
delay.  Proulx v. Wells, 186
S.W.3d 630, 633 (Tex. App.CFort Worth 2006, pet. filed); see James v. Gruma Corp., 129
S.W.3d 755, 760 (Tex. App.CFort Worth 2004, pet. denied); Tranter v. Duemling, 129 S.W.3d
257, 260 (Tex. App.CEl Paso
2004, no pet.); Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  This means only that the plaintiff must point
to evidence that raises a fact issue on diligence.  Tranter, 129 S.W.3d at 260.  If the plaintiff satisfies this burden, the
burden shifts back to the defendant to show why the explanation is insufficient
as a matter of law.  Id.; Carter,
93 S.W.3d at 313.








As a general rule, a
plaintiff who brings a suit for personal injuries must do so within two years
after the date the cause of action accrues. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 16.003(a)
(Vernon Supp. 2005).  To Abring suit@ the
plaintiff must not only file the petition within the limitations period but
must also use diligence in serving the defendant with process.  Tranter, 129 S.W.3d at 259; Tate v.
Beal, 119 S.W.3d 378, 380 (Tex. App.CFort Worth 2003, pet. denied). 
If the plaintiff files suit within the limitations period but does not
serve the defendant until after the limitations period has expired, the date of
service relates back to the date the petition was filed if the plaintiff has
exercised diligence in effecting service. 
See Tranter, 129 S.W.3d at 259; Tate, 119 S.W.3d at 380; Tarrant
County v. Vandigriff, 71 S.W.3d 921, 924 (Tex. App.CFort Worth 2002, pet. denied); Instrument Specialties Co., v. Tex.
Employment Comm=n, 924 S.W.2d 420, 422 (Tex. App.CFort Worth 1996, writ denied).








Generally, the exercise of
due diligence is a question of fact. 
Taylor v. Thompson, 4 S.W.3d 63, 65 (Tex. App.CHouston [1st Dist.] 1999, pet. denied); Hodge v. Smith, 856
S.W.2d 212, 215 (Tex. App.CHouston [1st Dist.] 1993, writ denied).  However, the issue can be determined as a
matter of law if no valid excuse exists for a plaintiff=s failure to timely serve notice of process.  Taylor, 4 S.W.3d at 65; Hodge,
856 S.W.2d at 215.  The two controlling
factors that establish due diligence are: (1) whether the plaintiff acted as an
ordinary prudent person would act under the same circumstances and (2) whether
the plaintiff acted diligently up until the time the defendant was served.  Taylor, 4 S.W.3d at 65; Hodge,
856 S.W.2d at 215.  Whether a plaintiff
was diligent in serving a defendant is normally a question of fact, but if no
excuse is offered for a delay or if the lapse of time coupled with the
plaintiff=s acts
conclusively negate diligence, lack of diligence will be found as a matter of
law.  Vandigriff, 71 S.W.3d at
925; Instrument Specialities, 924 S.W.2d at 422.  A fact issue exists if the plaintiff gives a
valid or reasonable explanation for the delay. 
James, 129 S.W.3d at 760.

The duty to use due diligence
continues from the date suit is filed until the date the defendant is
served.  Id. at 759; Parsons v.
Turley, 109 S.W.3d 804, 808 (Tex. App.CDallas 2003, pet. denied).  In a
case such as this, the question of due diligence is answered by looking at (1)
the time it took to procure citation, service, or both and (2) the type of
effort or lack of effort the plaintiff expended in procuring service.  See Webster v. Thomas, 5 S.W.3d 287,
290 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).

An offered explanation must
involve diligence to seek service of process. Weaver v. E‑Z Mart
Stores, 942 S.W.2d 167, 169 (Tex. App.CTexarkana 1997, no writ). 
Stated differently, lack of diligence can be found even in the face of
an offered explanation, if that explanation affirmatively established lack of
reasonable diligence.  See id. at
170.

 

 








1. No Evidence Motion For
Summary Judgment








In her response to Appellee=s motion for summary judgment,[2]
Appellant presented an affidavit wherein her attorney set forth the general
procedures that he utilized at the time the present suit was filed to ensure
that process is timely served.  In the
affidavit, he explained that he would contact a private process server to serve
the citation, and then he would contact the process server on a regular basis
to determine whether the citation was served, and if not, why it had not been
served.  He would then determine his next
course of action, such as finding the proper address for the defendant,
determine whether to hire a private investigator, use a different process
server, or ask for rule 106 service.  We
hold that Appellant has brought forward more than a scintilla of probative
evidence that raises a genuine issue of material fact regarding whether she
used due diligence in serving Appellee; thus, a no evidence summary judgment
would not be proper in this case.  See
Moore, 981 S.W.2d at 269.  Next, we
will review the evidence presented to determine whether summary judgment is
proper under the rule 166a(c) standard.  See
Ridgeway, 135 S.W.3d at 600.

2.  Traditional Motion For Summary Judgment  








Here, it took Appellant
approximately four and a half months to serve Appellee with process.  Texas courts have consistently held that due
diligence was lacking as a matter of law based upon lapses of time between the
filing of the lawsuit and service of process for time periods shorter than and
similar to the four-and-a-half month delay in the present case where there have
been no efforts or insufficient efforts to obtain service of process.  See, e.g., Parsons, 109 S.W.3d at 809
(holding that the plaintiff did not exercise diligence where a three-month
delay occurred in serving process and plaintiff relied upon an oral agreement
with the defendant to postpone service); Boyattia v. Hinojosa, 18 S.W.3d
729, 733 (Tex. App.CDallas 2000,
pet. denied) (concluding that the plaintiff=s failure to act during the three-month delay in serving the defendant
amounted to a failure to exercise diligence as a matter of law); Webster,
5 S.W.3d at 290 (holding that four-month and ten-day delay amounts to a lack of
diligence, if coupled with no efforts or insufficient efforts to procure
citation and service); Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.CCorpus Christi 1991, no writ) (holding as matter of law the plaintiff
lacked diligence after an unexplained delay of over five months after the
expiration of the statute of limitations). 
Thus, the issue we must resolve is whether Appellant=s summary judgment evidence raises a fact issue as to whether he acted
with reasonable diligence.  See
Webster, 5 S.W.3d at 290.  A delay in
service, coupled with no efforts or insufficient efforts to procure citation
and service, amounts to a lack of diligence as a matter of law.  See id. at 291.

The summary judgment proof
shows that Appellant=s counsel
waited until September 27, 2002, two days prior to the expiration of the
statute of limitations, to file suit. 
During his deposition, Appellant=s attorney stated that he picked up the original citation from the
clerk=s office; however, he does not know what happened to the original citation
after he obtained it from the clerk=s office, and he cannot identify the process server he used to attempt
to serve the original citation. 
Additionally, Appellant=s attorney acknowledged that he was unable to locate any records to
establish the identity of the process server who attempted to serve the
original citation on Appellee.













Appellant knew that Appellee
had been admitted to the hospital prior to the time suit was filed because she
received the information shortly after he was admitted to the hospital on
September 7, 2002.  Appellant=s trial counsel had actual knowledge that Appellee was in the hospital
on or about November 20, 2002, when Appellant informed him of that fact; yet,
more than two months passed before he requested that a second citation be
served on Appellee at the Dallas V. A. Hospital.  As evidence of due diligence, Appellant
presented an affidavit of her attorney, who explained the procedures he
generally employs to ensure that process is timely served in suits where the
statute of limitations had run or would run shortly.  One of the procedures that Appellant=s counsel employed to insure that process was timely served was to
contact the process server on a regular basis to determine if citation had been
served; however, Appellant=s attorney could not produce any documentary proof establishing that
in this case he attempted to contact the process server he used.  In his affidavit, Appellant=s counsel stated that, after approximately two to three weeks had
passed since the time that he sent the letter to Farmer=s Insurance, he had his legal assistant call the process server and
ask the process server to serve citation on Appellee at the Dallas V. A.
Hospital and that he made the same request every week to ten days
thereafter.  Although he remembered
overhearing his legal assistant calling and leaving messages, he does not
remember why he was eventually told the citation had not been served.  He did not present any documentation to
support his recollection of requesting that his legal assistant call the
process server to serve Appellee at the Dallas V. A. Hospital, nor did he
present an affidavit or deposition of his legal assistant to support his
contention.  It was not until February
11, 2003, that Appellant served Appellee with the second citation at the Dallas
V. A. Hospital.

Appellant=s attorney also stated in his affidavit that A[a]t the time, Natalie Wickman was the process server [he] primarily
used,@ but he does not state that Wickman actually was the process server he
used in the present case. Nevertheless, Appellant=s counsel=s reliance
on a process server, whom he cannot identify, to serve process does not
constitute due diligence because it is the responsibility of the party
requesting service to see that it is properly accomplished.  See Tex.
R. Civ. P. 99a; Primate Constr., Inc. v. Silver, 884 S.W.2d 151,
153 (Tex. 1994).  

We hold that the summary
judgment evidence shows that Appellant failed to raise a fact issue on her due
diligence by providing a valid or reasonable explanation for her delay in
effecting service; therefore, Appellee proved as a matter of law that Appellant
did not use due diligence in serving him, and Appellant=s suit is barred by limitations. 
Accordingly, we overrule Appellant=s sole issue. 

 

 








CONCLUSION

Having overruled Appellant=s sole issue, we affirm the judgment of the trial court. 

 

 

PER CURIAM

 

 

PANEL
B:  HOLMAN, LIVINGSTON, and MCCOY, JJ.

 

DELIVERED:  July 20, 2006











[1]See Tex. R. App. P. 47.4.





[2]Appellee
filed a combined motion for summary judgment. 
While Appellee correctly cited rule of civil procedure 166a(i) when discussing
the no evidence portion, he incorrectly applied traditional motion for summary
judgment standard when he stated that he was Aentitled
to summary judgment because he was served more than four months after limitations
expired and [Appellant] cannot . . . demonstrate that there is sufficient
evidence to raise a genuine issue of material fact regarding her defense
to limitations, that she utilized due diligence in serving [Appellee] with
citation.@  See Tex.
R. Civ. P. 166a(c).  Although
Appellee cited the incorrect legal standard, his motion for summary judgment
was sufficient to apprise the trial court that he was moving for summary
judgment on no evidence grounds because he cited rule of civil procedure
166a(i) under his subheading entitled  ANo
Evidence Motion Summary Judgment Motion.@