ACCEPTED
12-15-00029-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/2/2015 4:49:31 PM
CATHY LUSK
CLERK

NO 12-15-00029-CV

IN THE TWELFTH COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/2/2015 4:49:31 PM
CATHY S. LUSK
Clerk

at Tyler, Texas

_____

TONYA ALLEN DDS, P.A.,

Appellant

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/2/2015 4:49:31 PM
CATHY S. LUSK
Clerk

V.

SMITH COUNTY APPRAISAL DISTRICT,

Appellee

_____

Appealed from the 114th Judicial District Court of
Smith County, Texas

---

APPELLANT'S POINTS OF ERROR AND BRIEF IN SUPPORT THEREOF

---

The Eaton Law Firm, PLLC
Michael W. Eaton
Texas Bar No. 06383800
1701 W. Northwest Highway
Suite 100
Grapevine, Texas  76051
Tel. (817) 431-1111
Fax (817) 431-1180

ATTORNEYS FOR APPELLANT
TONYA ALLEN DDS, P.A.

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL …………………………………. 3

INDEX OF AUTHORITIES………………………………………………… 4

STATEMENT OF THE CASE…………………………………………….... 6

ISSUES PRESENTED…………………………………………………….... 7

STATEMENT OF FACTS………………………………………………… 8

SUMMARY OF THE ARGUMENT………………………………………... 9

ARGUMENT…………………………………………………………….… 9

Issue 1: The trial court erred in finding that appellant filed to exercise
reasonable diligence in obtaining service of citation upon appellee, or in
the alternative, the trial court erred in failing to find that a fact question
existed as to the exercise of reasonable diligence by appellant in effecting
service upon appellee. ..……................................................................…… 9

PRAYER…………………………………………………………………. 14

CERTIFICATE OF SERVICE………………………………………………... 15

APPENDIX………………………………………………………………… 16

NO 12-15-00029-CV

IN THE THIRTEENTH COURT OF APPEALS

at Tyler, Texas

_____

TONYA ALLEN DDS, P.A.,

Appellant

V.

SMITH COUNTY APPRAISAL DISTRICT,

Appellee

IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 53.2(a), Comunidad Appellant, LLC certifies that the following is a complete list of the names of the parties and the names and address of their counsel:

| | Party | Counsel |
|---|---|---|
| Appellant, Plaintiff | Tonya Allen DDS, P.A. | Michael W. Eaton, SBN 06383800<br>The Eaton Law Firm, PLLC<br>1701 W. Northwest Highway, Suite 100<br>Grapevine, Texas 76051<br>Telephone: 817/431-1111<br>Facsimile: 817/431-1180 |
| Appellee, Defendant | Smith County Appraisal District | Ms. Sandra Griffin<br>Perdue, Brandon Fielder, Collins & Mott LLP<br>3301 Northland Drive, Suite 505<br>Austin, Texas 78731<br>Phone: (512) 302-0190<br>Fax : (512) 323-6963 |

INDEX OF AUTHORITIES

## CASES

*Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648 (Tex.App. - Houston [1st Dist.] 2010, pet. denied);

*Butler v. Ross*, 836 S.W.2d 833 (Tex.App. -Houston [l81 Dist.] 1992, no writ)

*Gant v. DeLeon*,  786 S.W.2d 259 (Tex. 1990)

*Hamilton v. Goodson*, 578 S.W.2d 448 (Tex.Civ.App.- Houston [14th Dist.] 1978, no writ)

*Hansler v. Mainka*, 807 S.W.2d 3, (Tex.App.-Corpus Christi 1991, no writ)

*Li v. University of Texas Health Science Ctr.*, 984 S.W.2d 647 (Tex.App.-Houston [14th Dist.] 1998, pet. denied)

*Webster v. Thomas*, 5 S.W.3d 287 (Tex.App.-Houston [14th Dist.] 1999, no pet.)

## RULES

Texas Rule of Civil  Procedure 166a

Texas Rule of Evidence 201(b)

Texas Rule of Evidence 201(d)

Texas Rule of Evidence 201(f)

## CONSTITUTION

Texas Constitution Article VIII

## STATUTES

Texas Tax Code Sec. 42.21(a)

NO. 14-10-00167-CV

COMUNIDAD APPELLANT, LLC

Appellant

V.

CITY OF NASSAU BAY

Appellee

---

APPELLANT'S BRIEF

---

Tonya Allen DDS, P.A., Appellant herein, submits its brief. Appellant will be referred to as Appellant/Allen. Appellee, Smith County Appraisal District, will be referred to as Appellee/CAD.

STATEMENT OF THE CASE

**Nature of the Case**: This case is the result of Allen's appeal of the valuation of certain real property and improvements it owns in Smith County. Following an administrative hearing before the Smith County Appraisal Review Board ("ARB"), Allen filed the cause being appealed in the 114th Judicial District Court of Smith County. The suit was timely filed within the sixty (60) days required by statute, but service of process was delayed, as explained in detail herein. The CAD filed a Motion for Summary Judgment, asking the Court to grant judgment to the CAD because even though the suit was timely filed, service was effected more than sixty (60) days after the ARB final order was entered.

ISSUES PRESENTED FOR REVIEW


ISSUE 1:  THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FILED TO EXERCISE REASONABLE DILIGENCE IN OBTAINING SERVICE OF CITATION UPON APPELLEE, OR IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN FAILING TO FIND THAT A FACT QUESTION EXISTED AS TO THE EXERCISE OF REASONABLE DILIGENCE BY APPELLANT IN EFFECTING SERVICE UPON APPELLEE.

STATEMENT OF FACTS

Appellant/Plaintiff Tonya Allen DDS, P.A. owns certain real property and improvements in Smith County, (the "Property"). CAD assessed a value on the Property which Allen disagreed with, and the entity exercised its legal right to protest such valuation by filing a protest with the CAD. The protest was heard by he Smith County Appraisal Review Board "ARB"), and after such hearing, the ARB issued a Notice of Final Order which left the value at an amount appellant believed to be unreasonably high. Allen then initiated this *de novo* challenge suit to appeal the valuation of the property. After suit was filed, and Cad filed an answer, the CAD filed a motion for summary judgment. After hearing the motion, the CAD's motion was granted. This appeal ensued.

## SUMMARY OF THE ARGUMENT

Appellant's first argument is that the Trial Court erred in granting Appellee's motion for summary judgment, finding that no genuine issue of material fact existed with respect to the diligence *vel non* of Allen in obtaining service of process on CAD. The Smith County ARB issued its Final Order on March 12, 2014, and it was received by Allen on March 14, 2014. The petition commencing the de novo appeal was filed with the Smith County District Clerk on April 28, 2014, well before the sixty (60) day limit for filing established by Texas Tax Code Sec. 42.21(a) , and the delay in service as due to a legitimate error in electronic filing, which, when discovered, was promptly rectified.

**ISSUE 1:   THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FILED TO EXERISE REASONABLE DILIGENCE IN OBTAINING SERVICE OF CITATION UPON APPELLEE, OR IN THE ATERNATIVE, THE TRIAL COURT ERRED IN FAILING TO FIND THAT A FACT QUESTION EXISTED AS TO THE EXERCISE OF REASONABLE DILIGENCE BY APPELLANT IN EFFECTING SERVICE UPON APPELLEE.**

### Argument & Authorities

Rule 166a of the Texas Rules of Civil Procedure governs summary judgments. TEX. R. CIV. P. l66a(c). Summary judgment is appropriate when no genuine issues as to any material fact exist. TEX. R. CIV. P. 166a; *see also Ross v. Tex. One P'ship,* 796 S.W.2d 206, 209 (Tex. App.- Dallas 1990, *writ denied per curium,* 806 S.W.2d 222 (Tex. 1991). Summary judgment is not intended to deprive a party of its right to a full hearing on the merits of an issue of fact; rather it is an essential  mechanism which allows trial courts to eliminate untenable claims and defenses. *Id.* at 209. A movant is entitled to summary judgment once he establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *See* TEX. R. *CN* . P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559,

562 (Tex. 1990). Accordingly, pursuant to Rule 166a of the Texas Rules of Civil Procedure and evidence presented herein, the CAD is entitled to summary judgment as a matter of law.

If a plaintiff files suit timely but does not serve the defendant until after the statutory period expires, the date of service relates back to the date of filing if the plaintiff exercises diligence in effecting service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648, 652 (Tex.App. - Houston [1st Dist.] 2010, pet. denied); *Li v. University of Texas Health Science Ctr.*, 984 S.W.2d 647 (Tex.App.-Houston [14th Dist.] 1998, pet. denied); *Hamilton v. Goodson*, 578 S.W.2d 448 (Tex.Civ.App.- Houston [14th Dist.] 1978, no writ). Consequently, if the delay in effecting service can be reasonably explained, and diligence found to have been exercised, the late service is not the date of determination of compliance with Tax Code Sec. 42.21(a), but the actual date of filing of the cause of action.

Although the Rules of Civil Procedure do not specifically identify what amount of time constitutes lack of diligence in obtaining service, several of cases have dealt with that issue. In the cases cited, the time length in question was found either to represent an absence of diligence as a matter of law, or facts which the Court found failed to establish due diligence. Webster v. Thomas, 5 S.W.3d 287, 291 (Tex.App.-Houston [14th Dist.] 1999, no pet.); Butler v. Ross, 836 S.W.2d 833, 835-36 (Tex.App. -Houston [l81 Dist.] 1992, no writ); Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex.App.-Corpus Christi 1991, no writ)(5 month delay in requesting service was not diligent).

Some of the language in *Webster v. Thomas*, supra, is especially helpful to consider in this matter:

> The Court noted, "The existence of diligence is normally a question of fact, but if no excuse is offered for a delay in the service of the citation, "or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law." *Perry v. Kroger Stores, Store No.* 119, 741 S.W.2d 533, 534 (Tex.App.-- Dallas 1987, no writ). *Webster v. Thomas*, *supra*, at 289

Moreover, while the foregoing language is helpful in determining that diligence or lack thereof is a fact question for the trier of fact to determine, the other facts of *Webster* are clearly distinguishable from the facts of the case at bar. In *Webster*, the case was not filed until the last day of a two year limitations period, the citation was not issued for ninety (90) days afterward, and was sent to the wrong precinct for service, and when returned unserved, sat for an extended period before being sent to the correct precinct for service. Ultimately service occurred five months and five days (158 days) after filing, and after multiple instances of express disregard for pursuit of timely service.

In the instant case, the Response to Defendant's Motion for Summary Judgment indicates that the delay in service was due to confusion in electronic filing, and that the way the lack of service was discovered was by a regular diligence "calendar tickler" practice of confirming service. Once it was learned that that citation was not issued or served, the citation was immediately issued and served within three (3) days. There was a good faith belief on the part of Appellant's counsel that when the electronic filing was done, it included all necessary information and fees for service of the Appellee.

Again, the other cases which have addressed the issue of when diligence is negated as a matter of law have involved circumstances different and legally

**11**

distinguishable form the instant case. In *Butler v. Ross, supra,* again a two year statute of limitations was involved, and the case was filed only five days before the statute ran out, on December 9, 1987. After an unserved citation was returned to the counsel for plaintiff, it took over five more months before a motion for substituted service was filed, and even then, service was only effected on August 15, 1988, over eight months after the suit was filed. See *Butler, supra,* at 834-835.

A fact is the proper subject of judicial notice if it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Tex.R.Evid. 201(b)(2). Further, judicial notice is mandatory if requested by a party and the Court is supplied with the necessary information. Tex.R.Evid. 201(d). Lastly, judicial notice may be taken at any stage of the proceeding. Tex.R.Evid. 201(f). Allen requested the Trial Court take judicial notice of its file; Allen had supplied such authorities and documents to the Trial Court; that the facts contained in the authorities and documents were capable of accurate and ready determination by resort to the authorities and documents; and that the accuracy of the authorities and documents could not reasonably be questioned. Therefore, in accordance with Tex.R.Evid. 201(d) and (f), the Trial Court was required to take judicial notice of the authorities and documents in the file of which Allen requested judicial notice. The Trial Court should have taken judicial notice of the following documents in Allen's case:

All of the pleadings of this case in the Trial Court, including the affidavits, and other evidence offered in opposition to CAD's Motion for Summary Judgment. Such documents included evidence that the authorized representative of Allen had made an effort to effect service but had mistakenly not completed the correct online function to

request issuance of citation. Further, such response included multiple articles and comments about problems caused by the relatively new electronic filing mandate for all Courts.

CONCLUSION

Rule 166a of the Texas Rules of Civil Procedure governs the propriety of summary judgment.[1] Summary judgment is authorized where the summary judgment record establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. Proc. 166a; *see Ross v. Texas One Partnership*, 796 S.W.2d 206, 209 (Tex. App. - Dallas 1990), *writ denied per curiam opinion*, 806 S.W.2d 222 (Tex. 1991). Summary Judgment is not intended to deprive a party of his right to a full hearing on the merits of an issue of fact. *Ross*, 796 S.W.2d at 209. However, it is an essential mechanism to allow trial courts to eliminate untenable defenses. *Id.* The Trial Court, due to the errors it committed as shown above, improperly granted summary judgment to Appellee because Appellant used reasonable diligence in obtaining service on the CAD in this cause. In the alternative, the Trial Court erred in failing to find that the question of whether reasonable diligence had been used was a question of fact. Accordingly, Appellant appeals to this Court to reverse the Trial Court's grant of summary judgment to Appellee, and remand the case to the Trial Court for further proceedings consistent with the Court's opinion.

---

[1]Rule 166a states that judgment shall be rendered if the evidence before the Court shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion . . . ." Tex. R. Civ. P. 166a(c).

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court sustain its issues or points of error, reverse the Trial Court with respect to the summary judgment granted to the CAD, and remand this case to the Trial Court for further proceedings and for a trial on the merits of the case.

Respectfully submitted,

THE EATON LAW FIRM, PLLC

By:_____
MICHAEL W. EATON
SBN 06383800
1701 W. Northwest Highway
Suite 100
Grapevine, Texas  76051
Telephone:   (817) 431-1111
Telecopier:   (817) 431-1180

**ATTORNEYS FOR APPELLANT
TONYA ALLEN DDS P.A.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on counsel for Appellee, Ms. Sandra Griffin, Perdue Brandon Fielder Collins & Mott, 425 3301 Northland Drive, Suite 505, Austin, Texas 78731 via fax (512) 323-6963 on the __2ND__ day of July, 2015, in accordance with the Texas Rules of Appellate Procedure.

_____
MICHAEL W. EATON

NO 12-15-00029-CV

TONYA ALLEN DDS, P.A.,

Appellant

V.

SMITH COUNTY APPRAISAL DISTRICT,

Appellee

---

APPELLANT'S APPENDIX

---

LIST OF DOCUMENTS

1.    Final Summary Judgment dated January 14, 2015…………………………Tab 1

2.    Texas Tax Code §42.21(a)...……………………………………………Tab 2

TAB 1

FILED

JAN 15 2015

CAUSE NO. 14-1121-B

TONYA M. ALLEN DDS, P.A.,                    IN THE DISTRICT COURT OF

Plaintiff,

v.                                           SMITH COUNTY, TEXAS

SMITH COUNTY APPRAISAL
DISTRICT,

Defendant.                                   114TH JUDICIAL DISTRICT

## FINAL SUMMARY JUDGMENT

Came on to be heard Defendant's Motion for Summary Judgment. After reviewing the pleadings, motion, evidence, objections, response and reply from both the Defendant and Plaintiff, the court grants the motion.

Accordingly, the Court orders that Plaintiff take nothing and that costs, if any, shall be paid by the Plaintiff.

This judgment is final and disposes of all claims and parties and is appealable.

Signed on the _14th_ day of _January_ , 2015.

_____
Judge Christi Kennedy

1

TAB 2

(1)  in defense to a suit to enforce collection of delinquent taxes;  or

(2)  as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

(b)  A person against whom a suit to collect a delinquent property tax is filed may plead as an affirmative defense:

(1)  if the suit is to enforce personal liability for the tax, that the defendant did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed;  or

(2)  if the suit is to foreclose a lien securing the payment of a tax on real property, that the property was not located within the boundaries of the taxing unit seeking to foreclose the lien on January 1 of the year for which the tax was imposed.

(c)  For purposes of this section, "suit" includes a counterclaim, cross-claim, or other claim filed in the course of a lawsuit.

Acts 1979, 66th Leg., p. 2311, ch. 841, Sec. 1, eff. Jan. 1, 1982. Amended by Acts 1987, 70th Leg., ch. 53, Sec. 1, eff. May 6, 1987.


SUBCHAPTER B. REVIEW BY DISTRICT COURT


Sec. 42.21.  PETITION FOR REVIEW.  (a)  A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline.  Failure to timely file a petition bars any appeal under this chapter.

(b)  A petition for review brought under Section 42.02 must be brought against the owner of the property involved in the appeal.  A petition for review brought under Section 42.031 must be brought against the appraisal district and against the owner of the

may not be brought against the appraisal review board. An appraisal district may hire an attorney that represents the district to represent the appraisal review board established for the district to file an answer and obtain a dismissal of a suit filed against the appraisal review board in violation of this subsection.

(c) If an appeal under this chapter is pending when the appraisal review board issues an order in a subsequent year under a protest by the same property owner and that protest relates to the same property that is involved in the pending appeal, the property owner may appeal the subsequent appraisal review board order by amending the original petition for the pending appeal to include the grounds for appealing the subsequent order. The amended petition must be filed with the court in the period provided by Subsection (a) for filing a petition for review of the subsequent order. A property owner may appeal the subsequent appraisal review board order under this subsection or may appeal the order independently of the pending appeal as otherwise provided by this section, but may not do both. A property owner may change the election of remedies provided by this subsection at any time before the end of the period provided by Subsection (a) for filing a petition for review.

(d) An appraisal district is served by service on the chief appraiser at any time or by service on any other officer or employee of the appraisal district present at the appraisal office at a time when the appraisal office is open for business with the public. An appraisal review board is served by service on the chairman of the appraisal review board. Citation of a party is issued and served in the manner provided by law for civil suits generally.

(e) A petition that is timely filed under Subsection (a) or amended under Subsection (c) may be subsequently amended to:

(1) correct or change the name of a party; or

(2) not later than the 120th day before the date of

person and are of a similar type or are part of the same economic unit and would typically sell as a single property.  If a petition is filed by multiple plaintiffs or includes multiple properties that are not of a similar type, are not part of the same economic unit, or are part of the same economic unit but would not typically sell as a single property, the court may on motion and a showing of good cause sever the plaintiffs or the properties.

(g)  A petition filed by an owner or lessee of property may be amended to include additional properties in the same county that are owned or leased by the same person, are of a similar type as the property originally involved in the appeal or are part of the same economic unit as the property originally involved in the appeal and would typically sell as a single property, and are the subject of an appraisal review board order issued in the same year as the order that is the subject of the original appeal.  The amendment must be filed within the period during which a petition for review of the appraisal review board order pertaining to the additional properties would be required to be filed under Subsection (a).

(h)  The court has jurisdiction over an appeal under this chapter brought on behalf of a property owner or lessee and the owner or lessee is considered to have exhausted the owner's or lessee's administrative remedies regardless of whether the petition correctly identifies the plaintiff as the owner or lessee of the property or correctly describes the property so long as the property was the subject of an appraisal review board order, the petition was filed within the period required by Subsection (a), and the petition provides sufficient information to identify the property that is the subject of the petition. Whether the plaintiff is the proper party to bring the petition or whether the property needs to be further identified or described must be addressed by means of a special exception and correction of the petition by amendment as authorized by Subsection (e) and may not be the subject of a plea to the jurisdiction or a claim that the

Acts 1979, 66th Leg., p. 2311, ch. 841, Sec. 1, eff. Jan. 1, 1982. Amended by Acts 1983, 68th Leg., p. 5344, ch. 981, Sec. 1, eff. Aug. 29, 1983;  Acts 1985, 69th Leg., ch. 760, Sec. 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 796, Sec. 44, eff. June 15, 1989;  Acts 1991, 72nd Leg., 2nd C.S., ch. 6, Sec. 54, eff. Sept. 1, 1991;  Acts 1999, 76th Leg., ch. 1113, Sec. 1, eff. June 18, 1999.

Amended by:

Acts 2009, 81st Leg., R.S., Ch. 905 (H.B. 986), Sec. 1, eff. June 19, 2009.

Acts 2011, 82nd Leg., R.S., Ch. 771 (H.B. 1887), Sec. 15, eff. September 1, 2011.

Acts 2013, 83rd Leg., R.S., Ch. 161 (S.B. 1093), Sec. 19.006, eff. September 1, 2013.

Acts 2013, 83rd Leg., R.S., Ch. 1259 (H.B. 585), Sec. 25, eff. June 14, 2013.


Text of section as amended by Acts 1993, 73rd Leg., ch. 667, Sec. 1

Sec. 42.22.  VENUE.  Venue is in the county in which the appraisal review board that issued the order appealed is located, except as provided by Section 42.221.  Venue is in Travis County if the order appealed was issued by the comptroller.

Acts 1979, 66th Leg., p. 2311, ch. 841, Sec. 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 174, ch. 13, Sec. 151, eff. Jan. 1, 1982;  Acts 1991, 72nd Leg., 2nd C.S., ch. 6, Sec. 55, eff. Sept. 1, 1991;  Acts 1993, 73rd Leg., ch. 667, Sec. 1, eff. Sept. 1, 1993.


Text of section as amended by Acts 1993, 73rd Leg., ch. 1033, Sec. 1

Sec. 42.22.  VENUE.  (a)  Except as provided by Subsections (b) and (c), and by Section 42.221, venue is in the county in which the appraisal review board that issued the order appealed is located.

(b)  Venue of an action brought under Section 42.01(1) is in